UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| RAYMOND PAYTON | CIVIL ACTION |
| VERSUS | NUMBER: 08-4417 |
| MAYOR RAY NAGIN, ET AL. | SECTION: "B"(5) |

**REPORT AND RECOMMENDATION**

Utilizing the standardized form provided to state prisoners for filing suit pursuant to 42 U.S.C. §1983, the above-captioned matter was filed in forma pauperis by pro se plaintiff, Raymond Payton, against defendants, Mayor Ray Nagin, the City of New Orleans, former Mayor Marc Morial, and any and all other unnamed individuals who were involved with the claim urged herein. Plaintiff, an inmate of the Orleans Parish Prison following his arrest on some unspecified crime on July 11, 2008, alleges that on November 15, 2003, he discovered that the home where he resided all of his childhood years had been confiscated by the City and sold without any compensation being provided to plaintiff or his siblings.  Plaintiff seeks a total of $750,000.00 in monetary damages.

Plaintiff has instituted suit herein <u>in forma pauperis</u> pursuant to 28 U.S.C. §1915. A proceeding brought <u>in forma pauperis</u> may be dismissed as frivolous under §1915(e)(2)(B)(i) if the claim alleged therein has no arguable basis in law or fact, <u>Booker v. Koonce</u>, 2 F.3d 114 (5th Cir. 1993), or if it fails to state a claim upon which relief can be granted. 28 U.S.C. §1915(e)(2)(B)(ii). Giving the instant complaint a liberal reading, it is the recommendation of the Magistrate Judge that this matter be dismissed as frivolous and for failing to state a claim upon which relief can be granted.

Because 42 U.S.C. §1983 contains no statute of limitations, federal courts look to the most analogous state statute of limitations had the action been brought in state court. <u>Wilson v. Garcia</u>, 471 U.S. 261, 105 S.Ct. 1938 (1985). In Louisiana, delictual actions are subject to a prescriptive period of one year. LSA-C.C. Art. 3492; <u>Elzy v. Roberson</u>, 868 F.2d 793, 794 (5th Cir. 1989). The prescriptive period begins to run from the moment the plaintiff knows or has reason to know of the injury that forms the basis of his complaint. <u>Helton v. Clements</u>, 832 F.2d 332, 334-35 (5th cir. 1987).

By his own admission, plaintiff states that he was aware no later than November 15, 2003 that his family home had been seized and sold by the City without just compensation. At that point, the

2

one-year prescriptive period for bringing a §1983 action began to run and had long since expired when he signed his complaint on August 1, 2008.  Plaintiff's §1983 claim is clearly prescribed and should thus be dismissed with prejudice under 28 U.S.C. §1915(e)(2)(B)(i) and (ii).  <u>Graves v. Hampton</u>, 1 F.3d 315, 319 (5th Cir. 1993).

**RECOMMENDATION**

For the foregoing reasons, it is recommended that plaintiff's suit be dismissed with prejudice under 28 U.S.C. §1915(e)(2)(B)(i) and (ii).

A party's failure to file written objections to the proposed findings, conclusions, and recommendation contained in a magistrate judge's report and recommendation within 10 days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object.  <u>Douglass v. United Services Auto. Assoc.</u>, 79 F.3d 1415 (5th Cir. 1996)(<u>en banc</u>).

New Orleans, Louisiana, this   22nd  day of    September   , 2008.

ALMA L. CHASEZ
UNITED STATES MAGISTRATE JUDGE